HOWARD KOLLITZ (State Bar No. 059611)
*hkollitz@dgdk.com*
STEVEN J. SCHWARTZ (State Bar No. 200586)
*sschwartz@dgdk.com*
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067-4402
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Richard K. Diamond, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARTHA FLORES,<br><br>    Debtor. | Case No. 2:14-bk-10362-RK<br><br>Chapter 7 |
| RICHARD K. DIAMOND, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>MARTHA FLORES, JOSE FLORES, AND NORMA DE LA ROSA,<br><br>    Defendants. | Adv. No.<br><br>**TRUSTEE'S COMPLAINT: (1) TO AVOID AND RECOVER FRAUDULENT TRANSFER; (2) TO AVOID AND RECOVER POST-PETITION TRANSFER; (3) TO SELL ENTIRETY OF PROPERTY UNDER 11 U.S.C. § 363(h); (4) FOR DECLARATORY RELIEF; AND (5) FOR TURNOVER**<br><br>[11 U.S.C. §§ 363 (h), 541, 542, 544, 548, 549 and 550]<br><br>Date: [See Summons]<br>Time: [See Summons]<br>Place: [See Summons] |

Plaintiff alleges as follows:

## JURISDICTION AND PROCEDURAL BACKGROUND

1. Richard K. Diamond (the "Plaintiff") is the Chapter 7 trustee for the bankruptcy estate of Martha Flores (the "Debtor"), in Bankruptcy Case Number 2:14-bk-10362-RK, pending in

1238172.2  1410362A

1

the Los Angeles Division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Case"). The Plaintiff brings this suit solely in his capacity as the Chapter 7 Trustee.

2. This adversary proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A),(H) and (O), and this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

## PARTIES

3. The Plaintiff is informed and believes, and based thereon alleges, that Defendant Martha Flores is the Debtor in the Bankruptcy Case.

4. The Plaintiff is informed and believes, and based thereon alleges, that Defendant Jose Flores ("Jose") is the Debtor's spouse.

5. The Plaintiff is informed and believes, and based thereon alleges, that Jose is an individual who, at all times relevant herein, resided in the County of Los Angeles.

6. The Plaintiff is informed and believes, and based thereon alleges, that the Defendant Norma De La Rosa is an individual who, at all times relevant herein, resided in the County of Los Angeles.

## GENERAL ALLEGATIONS

7. On or about January 8, 2014 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Code"). Richard K. Diamond thereafter accepted appointment as the Chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity for the benefit of creditors.

8. Plaintiff is informed and believes, and based thereon alleges, that prior to September 30, 2011, Jose and the Debtor owned a parcel of real property improved with a single family dwelling commonly known as 3909 Durfee Avenue, El Monte, California, assessor's parcel number 8549-018026 (the "Property") as community property.

9. Plaintiff is informed and believes, and based thereon alleges, that on September 30, 2011, Jose and the Debtor transferred the property to Jose (25%), the Debtor (25%) and Norma de La Rosa (50%) as a gift and for no consideration (the "September 30, 2011 Transfer").

10. Plaintiff is informed and believes, and based thereon alleges, that by a deed dated June 17, 2014 and recorded June 24, 2014, the Debtor and Norma de La Rosa transferred the property to Jose "as his sole and separate property" for no consideration (the "June 24, 2014 Transfer").

11. Plaintiff is informed and believes, and based thereon alleges, that the Property at this time is worth an amount in excess of liens against the Property.

12. Plaintiff is informed and believes, and based thereon alleges, that there exists in this case one or more creditors holding unsecured claims that are allowable under § 502 of the Bankruptcy Code or that are not allowable only under § 502(e) of the Bankruptcy Code, who could have avoided the transfer sought to be avoided herein under applicable law.

### FIRST CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfer]

### [Against All Defendants]

13. The Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 12, inclusive, of this Complaint.

14. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the September 30, 2011 Transfer with the actual intent to hinder, delay and/or defraud one or more of the Debtor's creditors.

15. By reason of the foregoing, the Plaintiff may avoid the September 30, 2011 Transfer pursuant to sections 544(b) and 548 of the Code, California Civil Code §§ 3439.04(a), and other applicable law. Furthermore, pursuant to Section 550 of the Code, the Plaintiff may recover from the Defendants, and each of them, the Property or the value thereof, plus interest thereon at the maximum legal rate, from and after the date of the September 30, 2011 Transfer, in a sum according to proof.

///
///
///
///

### SECOND CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfer]

### [Against All Defendants]

16. The Plaintiff refers to, and by this reference, incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 15, inclusive, of this Complaint.

17. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than a reasonably equivalent value in exchange for the September 30, 2011 Transfer.

18. The Plaintiff is informed and believes, and based thereon alleges, that at the time the September 30, 2011 Transfer was made, the Debtor was either insolvent or became insolvent as a result of the September 30, 2011 Transfer.

19. By reason of the foregoing, the Plaintiff may avoid the September 30, 2011 Transfer pursuant to sections 544(b) and 548 of the Code, California Civil Code §§ 3439.04 and 3439.05, and other applicable laws. Furthermore, pursuant to section 550(a) of the Code, the Plaintiff may recover from the Defendants, and each of them, the Property or the value thereof, plus interest thereon at the maximum legal rate from and after the date of the September 30, 2011 Transfer, in a sum according to proof.

### THIRD CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfer]

### [Against All Defendants]

20. The Plaintiff refers to, and by this reference, incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 19, inclusive, of this Complaint.

21. The Plaintiff is informed and believes, and based thereon alleges, that at the time of the September 30, 2011 Transfer, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which the remaining property was an unreasonably small capital.

22. By reason of the foregoing, the Plaintiff may avoid the September 30, 2011 Transfer pursuant to sections 544 and 548 of the Code, California Civil Code §§ 3439.04(b)(1), and other applicable laws. Furthermore, pursuant to section 550 of the Code, the Plaintiff may recover from

1  the Defendants, and each of them, the Property or the value of the Property, plus interest thereon at
2  the maximum legal rate from and after the date of the September 30, 2011, in a sum according to
3  proof.

### FOURTH CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfer]

### [Against All Defendants]

23. The Plaintiff refers to, and by this reference, incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 22, inclusive, of this Complaint.

24. The Plaintiff is informed and believes, and based thereon alleges, that at the time of the September 30, 2011 Transfer, the Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as such debts matured.

25. By reason of the foregoing, the September 30, 2011 Transfer is avoidable pursuant to sections 544 and 548 of the Code, California Civil Code §§ 3439.04(b)(2), and other applicable laws. Furthermore, pursuant to section 550 of the Code, the Plaintiff may recover from the Defendants, and each of them, the Property or the value of the Property, plus interest thereon at the maximum legal rate from the date of the September 30, 2011 Transfer, in a sum according to proof.

### FIFTH CLAIM FOR RELIEF

### [Avoidance of Post-Petition Transfer Under 11 U.S.C. § 549]

### [Against All Defendants]

26. Plaintiff refers to and, by this reference, fully incorporates all of the allegations in Paragraphs 1 through 25, inclusive, of this Complaint.

27. The Plaintiff is informed and believes and, based thereon, alleges that the June 24, 2014 Transfer constitutes an avoidable post-petition transfer of interests in the Property.

28. The Plaintiff is informed and believes and, based thereon, alleges that the Property is property of the Debtor's Bankruptcy Estate pursuant to 11 U.S.C. § 541.

29. The Plaintiff is informed and believes and, based thereon alleges, that the June 24, 2014 Transfer was not authorized by the Code or by the Bankruptcy Court or by the Plaintiff.

///

30. Pursuant to the provisions of §§ 549 and 550 of the Code, the Plaintiff is entitled to avoid such transfer and recover the possessory interest in the Property and/or the value thereof.

### SIXTH CLAIM FOR RELIEF

**[For Declaratory Relief]**

**[Against Jose Flores]**

31. Plaintiff realleges and incorporates by this reference herein the allegations in paragraphs 1 through 30, inclusive, hereof.

32. An actual dispute exists in that the Plaintiff believes the Property is community property and the estate is the owner of 100% of the Property. Plaintiff is informed and believe, and based thereon alleges, that Jose claims that he owns 100% of the Property as his sole and separate property.

33. Plaintiff is entitled to a judgment declaring that the Property is community property and that, pursuant to 11 U.S.C § 541, the Debtor's estate owns 100% of the Property.

### SEVENTH CLAIM FOR RELIEF

**[To Sell Property -- Section 363(h) of the Code]**

**[Against Jose Flores and Norma De La Rosa]**

34. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 33, inclusive, hereof, and incorporates the same herein by this reference.

35. Plaintiff is informed and believes, and based thereon alleges, that:

    a. partition of the Property in kind among the estate and the Defendants is impracticable;

    b. sale of the estate's undivided interest in the Property would realize significantly less for the estate than sale of the Property free of the interests of the Defendants;

    c. the benefit to the estate of a sale of the Property free of the interest of the Defendants outweighs the detriment, if any, to the Defendants; and

    d. the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

///

1238172.2  1410362A

6

36. Plaintiff is entitled to a judgment from this Court determining that he may sell the entirety of the Property, including the estate's interest and the interest of the Defendants, if any.

### EIGHTH CLAIM FOR RELIEF

### [For Turnover]

### [Against All Defendants]

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36, inclusive, and incorporates the same herein by this reference.

38. Plaintiff is informed and believes, and based thereon alleges, that the Property can be used, sold or leased by the Plaintiff.

39. Plaintiff is informed and believes, and based thereon alleges, that pursuant to the provisions of § 542 of the Code, and other applicable laws, the Plaintiff is entitled to a turnover of the Property by the Defendants.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant as follows:

### ON THE FIRST THROUGH FOURTH CLAIMS FOR RELIEF:

1. For a judgment in favor of the Plaintiff and against the Defendants avoiding the September 30, 2011 Transfer;

2. For a judgment in favor of the Plaintiff and against the Defendants for the Trustee to recover the Property or the value thereof; and

3. For an award of interest at the legal rate on all sums awarded to Plaintiff from and after the date of the September 30, 2011 Transfer.

### ON THE FIFTH CLAIM FOR RELIEF:

4. For a judgment in favor of the Plaintiff and against the Defendants avoiding the June 24, 2014 Transfer;

5. For a judgment in favor of the Plaintiff and against the Defendants for the Trustee to recover the Property or the value thereof; and

6. For an award of interest at the legal rate on all sums awarded to Plaintiff from and after the date of the June 24, 2014 Transfer.

///

**ON THE SIXTH CLAIM FOR RELIEF**:

7.   For a judgment declaring that the Property is community property and that, pursuant to 11 U.S.C § 541, the Debtor's estate owns 100% of the Property.

**ON THE SEVENTH CLAIM FOR RELIEF**:

8.   For a judgment from this Court determining that the Trustee may sell the entirety of the Property, including the estate's interest and the interest of the Defendants, if any.

**ON THE EIGHTH CLAIM FOR RELIEF**:

9.   For a judgment directing the Defendants to turn over possession of the Property to the Plaintiff.

**ON ALL CLAIMS FOR RELIEF**:

10.   For costs of suit incurred herein; and

11.   For all other and further relief as the Court deems just and proper.

DATED: December 3, 2014             DANNING, GILL, DIAMOND & KOLLITZ, LLP

By:   /s/ Steven J. Schwartz
STEVEN J. SCHWARTZ
Attorneys for Richard K. Diamond, Chapter 7 Trustee

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>RICHARD K. DIAMOND, Chapter 7 Trustee | **DEFENDANTS**<br>MARTHA FLORES; JOSE FLORES; and NORMA DL LA ROSA |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>STEVEN J. SCHWARTZ<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>1900 AVENUE OF THE STARS, 11TH FLOOR<br>LOS ANGELES, CA 90067<br>(310) 277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[X] Trustee | **PARTY** (Check One Box Only)<br>[X] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint: (1) To Avoid and Recover Fraudulent Transfer; (2) To Avoid and Recover Post-Petition Transfer; (3) To Sell Entirety of Property Under 11 U.S.C. § 363(h); (4) For Declaratory Relief; (5) For Turnover; and (6) For Revocation of Discharge

[11 U.S.C. §§ 363(h), 541, 542, 544, 548, 549, 550 and 727]

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[4] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[3] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
*(continued next column)*

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – imposition of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[5] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law    [ ] Check if this is asserted to be a class action under FRCP 23
[ ] Check if a jury trial is demanded in complaint    Demand $

Other Relief Sought

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>MARTHA FLORES | | BANKRUPTCY CASE NO.<br>2:14-bk-10362-RK ||||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL || DIVISION OFFICE<br>LOS ANGELES DIVISION || NAME OF JUDGE<br>ROBERT KWAN |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF | DEFENDANT ||| ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| DATE<br>December 3, 2014 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>STEVEN J. SCHWARTZ |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.